IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TICHINA S. TAYLOR**                                                                                     **PLAINTIFF**

v.                                              **Case No. 4:22-CV-295-LPR**

**METHODIST BEHAVIOR HOSPITAL**                                                          **DEFENDANT**

### ORDER

This is a disability-discrimination case. Plaintiff Tichina S. Taylor, proceeding pro se, says that Defendant Methodist Behavior Hospital fired her because of a perceived disability. Methodist says that Ms. Taylor's Complaint is deficient for multiple reasons and therefore this case should be dismissed. The Court agrees that Ms. Taylor's Complaint currently falls short of stating a viable claim, but Ms. Taylor may be able to remedy any deficiencies with an Amended Complaint. Accordingly, the Court gives Ms. Taylor forty-five days to amend her Complaint. If Ms. Taylor does not file an Amended Complaint within forty-five days, or if the amendments do not cure the deficiencies identified in this Order, then the Court will dismiss Ms. Taylor's case without prejudice.

### BACKGROUND[1]

Ms. Taylor suffered an "ischemic stroke" at some point in the past.[2] The Complaint indicates that the stroke created "some limit[ations]" for Ms. Taylor.[3] But there isn't much in the way of specifics as to what exactly these limitations are. For purposes of this Order, the most important thing about Ms. Taylor's stroke is that it had an "open and obvious" effect on her arm.[4]

---

[1] This Background Section assumes the allegations in the Complaint are true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[2] Compl. (Doc. 2) at 8.

[3] *Id.*

[4] *Id.* at 3, 9.

Ms. Taylor says that her arm "is a little disabled and doesn't look like the others."[5] Despite her arm's appearance, Ms. Taylor is "able to do just as much as any other" physically healthy person.[6]

Ms. Taylor began to work for Methodist on October 5, 2020.[7] It isn't entirely clear from the Complaint what Ms. Taylor's job was, but it seems that she was some form of teacher or caretaker.[8] In any event, Ms. Taylor's employment started with a multi-day orientation.[9] Broadly, Ms. Taylor says that she "was treated unfairly due to [her] physical disability" during this orientation.[10] The Complaint doesn't say exactly what happened during orientation. But there's enough there to get the general idea: Methodist learned about (i.e., saw) Ms. Taylor's arm and fired her because Methodist perceived Ms. Taylor to be disabled.[11] Ms. Taylor says this occurred notwithstanding the fact that she "was able to do every assignment and activity placed in front of [her] during orientation . . . just as effectively as the" other trainees.[12] According to Ms. Taylor, the only difference between her and the trainees who were not fired "is that [her] arm doesn't look like theirs."[13]

Ms. Taylor went to the Equal Employment Opportunity Commission.[14] After conducting its own investigation, the EEOC decided not to pursue Ms. Taylor's disability-discrimination

---

[5] *Id.* at 11.

[6] *Id.*

[7] *Id.*

[8] *See id.* at 3 ("I was hired as a[] behavior [i]instructor.").

[9] *Id.* at 11; *id.* at 8 (stating that orientation was still proceeding on October 7, 2020).

[10] *Id.* at 3.

[11] *Id.* at 11–12.

[12] *Id.* at 11.

[13] *Id.* at 12.

[14] *Id.* at 2.

claim.[15] The EEOC gave Ms. Taylor a right-to-sue letter on January 10, 2022.[16] Ms. Taylor then filed the case at bar on March 31, 2022.[17] She alleges that Methodist discriminated against her in violation of the Americans with Disabilities Act.[18]

## DISCUSSION

Methodist gives two main reasons that Ms. Taylor's Complaint should be dismissed. The first reason is procedural. Methodist says that the Summons and Complaint are insufficient process and so the case should be dismissed under Rule 12(b)(4).[19] The second reason is substantive. Methodist contends that, even if every fact in Ms. Taylor's Complaint is true, she has failed to state a claim for relief under the ADA and dismissal is warranted under Rule 12(b)(6).[20] The Court addresses each argument below.[21]

---

[15] *Id.* at 6.

[16] *Id.* at 2, 6. The letter from the EEOC attached to the Complaint is undated. *Id.* at 6. Ms. Taylor alleges that the EEOC issued the right-to-sue notice on January 10, 2022. *Id.* at 2. At this stage of the litigation, the Court treats that allegation as true.

[17] *Id.* at 1.

[18] *See* Compl. (Doc. 2); Order (Doc. 5).

[19] Def.'s Mot. to Dismiss (Doc. 9) ¶ 7. Methodist's Motion argues that there was "insufficient *service* of process" under Rule 12(b)(5). *Id.* (emphasis added). "The distinction between the two insufficiencies is often blurred, and it is appropriate to present and analyze service issues under both rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 884 n.2 (8th Cir. 1996) (citation omitted). Rule 12(b)(5) is concerned with the method of service of process, while a motion under Rule 12(b)(4) attacks the process (e.g., the summons) itself. *See* Wright & Miller, *Federal Practice & Procedure* § 1353 (3d ed. Apr. 2022 Update). Because Methodist's argument is based on the contents of the summons (i.e., the Complaint) itself, Methodist's Motion is properly analyzed under Rule 12(b)(4).

[20] Def.'s Mot. to Dismiss (Doc. 9) ¶¶ 3–6.

[21] Methodist also makes a third argument, but it merits little discussion. Methodist thinks that Ms. Taylor's Complaint should be dismissed because (1) it only mentions Title VII and never the ADA, and (2) Title VII does not prohibit disability discrimination. Def.'s Mot. to Dismiss (Doc. 9) ¶ 4; Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 10) at 5–6. That's a losing argument. From the beginning of this case, the Court has construed Ms. Taylor's Complaint as asserting a claim under the ADA. Order (Doc. 5). Methodist acknowledges as much. Def.'s Mot. to Dismiss (Doc. 9) ¶ 2. Nonetheless, Ms. Taylor is directed to make clear in her Amended Complaint whether she is proceeding under Title VII, the ADA, or other federal statutes. And Ms. Taylor is warned that Title VII does not protect against disability-related discrimination.

I.      **Insufficient Process**

Methodist says that Ms. Taylor did not properly identify Methodist as a defendant in the Complaint. The Complaint lists "Methodist Behavior Hospital" as the defendant.[22] But Methodist says that its correct name is Methodist Family Health, Inc.[23] According to Methodist, that means there has not been sufficient process and the Complaint should be dismissed.[24] That's a little extreme. It isn't uncommon for plaintiffs to accidentally misname a defendant in the complaint. When such a "misnomer situation" presents itself, the best course of action is usually to allow the plaintiff to amend and correct the issue.[25] That's what the Court will do in this case. If Ms. Taylor decides to amend her Complaint, she should properly name "Methodist Family Health, Inc." as the defendant. If and when that happens, the Court will direct the United States Marshal to serve the amended pleading on the properly identified defendant.

II.     **Failure to State a Claim**

Methodist next contends that Ms. Taylor's Complaint should be dismissed because it fails to state a claim for disability discrimination.[26] To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[27] A claim is facially plausible "when the plaintiff pleads factual

---

[22] Compl. (Doc. 2) at 1.

[23] Def.'s Mot. to Dismiss (Doc. 9) ¶ 7.

[24] *Id.*

[25] *Cf. Roberts v. Michaels*, 219 F.3d 775, 777–79 (8th Cir. 2000) (addressing a "misnomer situation" in the context of Rule 4(m)'s service time limits).

[26] Def.'s Mot. to Dismiss (Doc. 9) ¶¶ 5–6; Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 10) at 6–11. Methodist argues that Ms. Taylor's Complaint is deficient because she fails to allege facts that, taken as true, would establish a prima facie case under the *McDonnell Douglas* burden-shifting framework. *See* Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 10) at 6. It's well settled that *McDonnell Douglas* doesn't apply at the pleading stage. *E.g., Cook v. George's, Inc.*, 952 F.3d 935, 939 (8th Cir. 2020). The prima facie case at most operates "as a prism to shed light upon the plausibility of the claim." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016).

[27] *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28]  "Factual allegations are taken to be true at the motion-to-dismiss stage because the plaintiff has not had a full opportunity to conduct discovery and thereby uncover facts that support his or her claim."[29]  Ms. Taylor's Complaint states a claim for disability discrimination if it alleges facts that (if true) make it plausible to conclude (1) Methodist is a "covered entity" under the ADA, (2) Methodist "discriminate[d] against" Ms. Taylor on the basis of disability, and (3) Ms. Taylor is "a qualified individual" under the ADA.[30]

### A.     Covered Entity

Methodist is a "covered entity" if it had "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . ."[31]  Ms. Taylor's Complaint does not contain any allegation about the number of people that Methodist employs. That's a problem that can be fixed in an Amended Complaint.  If and when she amends her Complaint, Ms. Taylor can avoid dismissal by plausibly alleging that Methodist has fifteen or more employees and has employed that many people "for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . ."[32]  Of course, Ms. Taylor must

---

[28] *Iqbal*, 556 U.S. at 678.

[29] *Ashley v. U.S. Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005).

[30] 42 U.S.C. 12112(a).

[31] *Id.* § 12111(5)(A); *see* Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 10) at 9–11 (arguing that Ms. Taylor's Complaint is insufficient for failing to allege that Methodist employs fifteen or more people).

[32] 42 U.S.C. § 12111(5)(A).  In a single sentence, Methodist also argues for dismissal because "[t]here are no facts pled from which it can be inferred that [Methodist] was Plaintiff's employer . . . ."  Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 10) at 9.  That's wrong.  Ms. Taylor's Complaint alleges that she was "let go" or "terminated" by Methodist.  Compl. (Doc. 2) at 3, 8.  The Complaint also alleges that Methodist "hired" Ms. Taylor and oversaw Ms. Taylor's short-lived orientation.  *Id.* at 11.  That's more than enough to plausibly allege that Methodist was Ms. Taylor's employer.  Still, Ms. Taylor is directed to clearly allege in her Amended Complaint whether Methodist was her employer.

understand that she can only include this allegation if she actually has a good faith basis for thinking it is true. She cannot guess or make things up simply to avoid having her case dismissed.[33]

### B.     Discrimination on the Basis of Disability

Methodist argues that Ms. Taylor's Complaint does not sufficiently plead that Ms. Taylor has a "disability" under the ADA.[34] The definition of disability under the ADA includes "being regarded as having" "a physical or mental impairment that substantially limits one or more major life activities . . . ."[35] Put another way, the ADA is violated if an employer thinks that someone is disabled and then discriminates against them—even if the employer turns out to be wrong and the person is not actually disabled.[36] Here, Ms. Taylor's Complaint plausibly alleges that Methodist regarded Ms. Taylor as being disabled. The Complaint contains allegations that (1) Ms. Taylor has an "open and obvious" physical impairment and (2) Methodist saw her arm and then told Ms. Taylor that she couldn't perform the job functions.[37] Those factual allegations make it plausible to conclude that Methodist perceived Ms. Taylor to have a physical disability that substantially limited major life activities such as "performing manual tasks" or "lifting" objects.[38]

---

[33] "By presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

[34] Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 10) at 7–8. Methodist does not argue that the Complaint insufficiently alleges that discrimination occurred. And even if it did, that argument would be unpersuasive. The Complaint alleges that Methodist fired Ms. Taylor after learning of her disability, and that Ms. Taylor's disability is the only thing that differentiated her from the other trainees. *See* Compl. (Doc. 2) at 11–12. That's enough for a plausible allegation of discrimination based on a disability.

[35] 42 U.S.C. § 12102(1)(A), (C).

[36] *Canning v. Creighton Univ.*, 995 F.3d 603, 615 (8th Cir. 2021) ("[A] person is regarded as disabled if her employer mistakenly believes that she has a physical impairment . . . .").

[37] *See* Compl. (Doc. 2) at 3, 9, 11–12.

[38] 42 U.S.C. § 12102(2)(A).

### C. Qualified Individual

Finally, Methodist contends that Ms. Taylor doesn't plausibly allege that she is a "qualified individual" as required for an ADA disability-discrimination claim.[39] A qualified individual is someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."[40] Ms. Taylor's Complaint alleges that she was "able to do every assignment and activity placed in front of [her] during orientation," and that she "did [them] just as effectively as the other[]" trainees.[41] If Ms. Taylor was effectively completing her orientation tasks, then it's plausible to conclude that she could perform the functions of the job for which she was being trained. That may not end up being the case, but at this stage of the litigation it is enough. If and when Ms. Taylor amends her Complaint, she of course has the option to include more information about the job for which she was hired and fired, including the "essential functions" of that job.[42] The Court emphasizes again, however, that Ms. Taylor cannot simply guess or make things up if and when she amends her Complaint.[43]

### CONCLUSION

Ms. Taylor has forty-five days to amend her Complaint and cure the deficiencies identified in this Order. If she does not amend within forty-five days, or if her amendment does not cure the problems with her current Complaint, then the Court will dismiss her case without prejudice. Ms.

---

[39] Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 10) at 8–9.

[40] 42 U.S.C. § 12111(8).

[41] Compl. (Doc. 2) at 11.

[42] Ms. Taylor's Complaint does include some more information about the essential job functions, but it comes from the EEOC in the right-to-sue letter. *See* Compl. (Doc. 2) at 6–7. Because Ms. Taylor alleges that Methodist lied to the EEOC during the EEOC's investigation, it's not really clear what, if any, parts of the EEOC right-to-sue letter Ms. Taylor considers to be true (and therefore would be allegations by her in support of her claim that she could perform the job) and what parts she considers to be lies told by Methodist (and therefore would be allegations in support of her argument that Methodist is lying about the job functions to cover up its discriminatory actions).

[43] *See supra* note 33.

8

Taylor is warned that her Amended Complaint will supersede and completely nullify her current Complaint.  That means she must include any and all factual allegations in the Amended Complaint that she wants the Court to consider.

IT IS SO ORDERED this 6th day of January 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE